YAN FANG LIN, Petitioner,

v.

BOARD OF IMMIGRATION APPEALS, Respondent.

No. 05–5507–AG.

United States Court of Appeals, Second Circuit.

April 7, 2006.

652

Gary J. Yerman, New York, New York, for Petitioner.

Gregory R. Miller, United States Attorney for the Northern District of Florida, E. Bryan Wilson, Assistant United States Attorney, Tallahassee, Florida, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. CHESTER J. STRAUB, and Hon. RICHARD C. WESLEY, Circuit Judges.

SUMMARY ORDER

Yan Fang Lin, through counsel, petitions for review of a BIA decision denying her motion to remand her removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to remand for abuse of discretion. *See Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 157 (2d. Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA*, 413 F.3d 232, 233–34 (2d Cir.2005) (per curiam); *Ke Zhen Zhao v. DOJ*, 265 F.3d 83, 93 (2d Cir.2001).

The BIA did not abuse its discretion in denying Lin's untimely motion to remand. In her motion, Lin did not dispute that the motion was untimely but, rather, claimed that the untimeliness should be excused under 8 C.F.R. § 1003.2(c)(3)(ii), because she had demonstrated changed country conditions. Specifically, Lin claimed that, since her immigration court hearing in 2000, China had implemented the 2002 "People's Family Planning Law," and that, due to the birth of her two U.S.-citizen children, she feared she would be sterilized if returned to China. The BIA denied Lin's motion because it found that the motion was "not supported by sufficient evidence to demonstrate that, under the current family planning laws in China, she has a well-founded fear of future persecution there based on the birth of foreign-born children." This was a reasonable basis for denying Lin's motion.

The documents Lin submitted in support of her motion to remand included an

affidavit from Dr. John Aird and selections from the 2004 State Department Report on Human Rights Conditions in China ("2004 Country Report"). However, the 2004 Country Report indicates there is no known national policy regarding the treatment of parents with U.S.-born children, and while Dr. Aird's affidavit offers evidence that appears to contradict that report, because the affidavit was not specifically prepared for Lin and is not particularized with regard to her circumstances, its relevance is limited. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 274 (2d Cir. 2006). We have noted that the BIA may appropriately consider "evidence, such as the oft-cited Aird affidavit, which the BIA is asked to consider time and again ... in summary fashion." *Id.* at 275. Moreover, Lin's claim that she was told by her mother that a cousin and a friend had been sterilized under the new law, is not only uncorroborated, but also not probative given that Lin did not show that these women were similarly situated. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005).

Because Lin did not raise the issue of relief under the Convention Against Torture on appeal to the BIA, she failed to satisfy, with respect to this claim, the statutory exhaustion requirement on which this Court's jurisdiction is predicated. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, Lin's pending motion for a stay of removal in this petition is DENIED as moot.